THOMAS MORTON, APPELLEE, v. GEORGE W. COVELL, AND ELIZABETH COVELL, APPELLANTS.

**Mortgage:** EQUITY OF REDEMPTION: POSSESSION. In 1876 M. and wife executed to one M. a mortgage upon certain real estate to secure the payment of $7,000 in five years, the mortgagee by agreement entering into possession of the property. The mortgage was given to secure certain security debts which M. was afterwards compelled to pay. In 1878, one B. recovered a judgment against the mortgagors in the county court, a transcript of which was filed in the district court, and execution issued thereon, under which the equity of redemption of the mortgaged premises was sold to C. and wife for the sum of $20. The mortgagors then consented to waive the unexpired credit, and that the debt be declared due at once. In an action to foreclose, *Held*, That C. and wife could not interpose the defense that the debt was not due unless they sought to redeem, and the mortgagee being in possession under an agreement to that effect at the time they purchased the premises they were not entitled to the possession.

APPEAL by defendants from a decree rendered in the district court of Otoe county. The facts appear in the petition.

*Covell & Ransom*, for appellant, claimed *inter alia*, that a mortgage cannot be foreclosed before it is due, or there is a breach of some condition; that there is no clause in this mortgage making the whole sum due on failure to pay the interest, or on breach of any condition; and that without such a clause, even if there were interest due and unpaid, the mortgagee could not foreclose for the whole sum, but only for the interest due and unpaid. *Williams v. Townsend,* 31 N. Y., 411. Sec. 856, page 657, Gen. Stat. 2 Jones' on Mortgages, Sec. 1174. *Trayser v. Trustees,* 39 Ind., 556. That appellants were entitled to redeem from the mortgage debt held by Thomas Morton if any such debt existed, and as George W. Covell purchased the

equity of redemption of the mortgagors, William and Hattie Morton, and whatever interest they or either of them had therein, at execution sale under the judgment against them both, November 2d, 1878, he took the title of the mortagors subject to the incumbrances on the premises *exactly* as they stood at the date of his purchase. That the equity of redemption might be sold on execution, and that the purchaser would take the title of the mortgagors as he found it at the date of sale, and the time for which the debts secured by the incumbrances had to run could not by any act of the mortgagors after such purchase be changed or shortened. *Waters v. Stewart*, Caine's Cases in Error, 47. *Hitchcock v. Harrington*, 6 Johns., 290. *Collins v. Torry*, 7 Johns., 298. *Denton v. Nanny*, 8 Barb., 618. *Coles v. Coles*, 15 Johns., 319. *Renard v. Brown*, 7 Neb., 453. 7 Green Chan., 348. *Crow v. Tinsley*, 6 Dana., 302. *Lloyd v. Lee*, 45 Ill., 277. *Dunbar v. Starkey*, 19 N. H., 160.

*E. F. Warren*, for appellee.

At the time of the execution of the agreement releasing balance of the term between William Morton *et ux.* and Thomas Morton, Thomas Morton had been in undisturbed and absolute possession of the mortgaged premises for over eighteen months. Neither Covell nor William Morton, nor any one else, could disturb that possession without paying to Thomas Morton the amount he had advanced as surety for William Morton. This Mr. Covell has not offered to do. *Hubbell v. Maulson*, 53 N. Y., 525. *Pell v. Ulmar*, 18 N. Y., 139. *Chase v. Peck*, 21 N. Y., 586. *Hennesy v. Farrell*, 20 Wis., 42. *Dickinson v. Dawson*, 85 Ill., 53. *Brinkman v. Jones*, 44 Wis., 498. *Den v. Wright*, 7 N. J. L., 175. *Harper v. Ely*, 70 Ill., 581.

Did the release by William Morton of further time in which to reimburse his surety, who had been in lawful possession of the premises for over eighteen months, prejudice any rights of Mr. Covell, as shown by this record? Manifestly not; Mr. Covell could not obtain possession without *redeeming the land. Renard v. Brown,* 7 Neb., 455. He held a worthless equity of redemption—worthless because it gave him no right of possession; and his answer in this case asks no relief, nor does it contain any offer to redeem. He has no standing in a court of equity, and a reversal of the decree would not benefit him a particle.

MAXWELL, CH. J.

In the year 1876 William Morton and wife executed and delivered to the plaintiff a promissory note, of which the following is a copy:

"No.         "NEBRASKA CITY, October 12, 1876.

"Five years after date, for value received, I promise to pay to the order of Thomas Morton seven thousand dollars, at Nebraska City, with interest at twelve per cent per annum from date until paid, together with a sum equal to ten per cent of said amount as attorney's fees if action is brought on this note or on the mortgage given to secure the same, or if the same is not paid when due.

"$7000.            "WILLIAM MORTON.
                   "HATTIE MORTON.

"Due October 12, 1881."

To secure the payment of this note William Morton and wife executed a mortgage upon productive real estate in Nebraska City, the mortgage containing this provision: "This conveyance is intended as a mortgage to secure the payment of the sum of seven thousand dollars, due five years from the date hereof, with

interest at twelve per cent per annum, payable annually, according to the conditions of one promissory note, bearing even date herewith, and executed by the said party of the first part to the said party of the second part; and these presents shall be void if such payments be made. But in case default shall be made in the payment of the principal or interest as above provided, then the party of the second part, his executors, administrators, and assigns, are hereby impowered to sell the premises above described," etc. The plaintiff by agreement entered into possession of the mortgaged property.

On the second day of July, 1877, one Joshua H. Buell recovered a judgment against William Morton and Hattie Morton in the county court of Otoe county for the sum of $465.78, and $3.50 costs. On the tenth day of August, 1877, a transcript of the judgment was filed in the office of the clerk of the district court of Otoe county, and on the twenty-seventh day of that month an execution was duly issued thereon and levied upon the mortgaged property, and the same was sold to the defendants for the sum of $20.00. The sale was thereupon reported to the court and confirmed, and an order made to put the purchaser in possession, the plaintiff herein not being a party to that action. The purchaser seems to have been put in possession of said real estate, but the plaintiff afterwards obtained possession of the same.

On the ninth day of December, 1878, William Morton and Hattie Morton executed an instrument to the plaintiff, reciting in substance that, whereas the plaintiff had become absolutely liable for the payment of the security debts heretofore mentioned, and consenting that said note and mortgage may on that day be declared due and payable.

On the eleventh day of December, 1878, the plain-

tiff commenced an action of foreclosure of the mort-
gage in question in the district court of Otoe county,
William Morton, Hattie Morton, Joshua H. Buell,
George W. Covell, and Elizabeth M. Covell being
made defendants.

To this petition Covell and wife filed an answer,
setting up various defenses, and praying in substance
for the following relief: *First,* That the pretended
mortgage of the plaintiff be declared fraudulent and
void as against the interests of the defendants. *Second,*
That the injunction be vacated and set aside. *Third,*
That the claim and interest of these defendants in and
to said premises, and the possession thereof, be de-
clared valid and subsisting as against the plaintiff's
mortgage, etc. There is also a prayer for general
relief. In September, 1879, a decree of foreclosure
was rendered in favor of the plaintiff for the sum of
$9,457.00 and costs. Covell and wife appeal to this
court.

The answer of Covell and wife charges that the mort-
gage in question is fraudulent and void as to creditors,
but there is not a particle of proof showing such to be
the case. So far as this record discloses, the mortgage
was given in good faith to secure the plaintiff from loss
as surety of William Morton. The testimony shows
that he was thus liable for more than $13,000.00, which
had been diminished by the rents from the premises in
question to some extent, but that at the date of the de-
cree he had actually paid thereon the sum of $10,038.57,
in excess of rents received. The transaction seems to
have been entered into in good faith, and the court
could not have found otherwise from the testimony.
The mortgage therefore was not fraudulent and void.

The second defense was sustained in the court below.
The third defense seems to be the principal one relied
on. The defendants do not ask to be permitted to re-

deem the mortgage. If so, the change of the time of payment might become material, and any change which restricted the right to redeem would not be binding on the defendants. But the object of the answer is not to redeem, but to be placed in possession of the property.

Section 55 of chapter 61 of General Statutes, provides, that "in the absence of stipulations to the contrary the mortgagor of real estate retains the legal title and right of possession thereof." In the case at bar, while the mortgage is silent about the right of possession the mortgagee is shown to have taken possession of the property with the consent of the mortgagors immediately after the execution of the mortgage, and to have been thus in possession at the time the defendants purchased the equity of redemption. It is alleged in the petition, and not denied, that the plaintiff collected the rents upon the property from and after the first day of June, 1877, to the commencement of the action, and that they amounted to the sum of $1,800.00. It is also alleged, and not denied, "that said premises were occupied solely for stores for the sale of merchandise, on the ground floor of the buildings erected thereon, and occupied and used as offices, etc., upon the second floor thereof." Can it be possible that the defendants for the sum of $20.00 purchased the right to enter into possession of the premises and collect these rents? We think not. The mortgagee was in possession, collecting and applying the rents upon the mortgage debt at the time the defendants purchased the equity of redemption, and the purchase price indicates that appellants purchased nothing but the naked legal title. The equities of the case are clearly with the plaintiff, and the judgment of the district court must be affirmed.

JUDGMENT ACCORDINGLY.